**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1350
_____

HAROLD P. KUPERSMIT,
                                            Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 6691-23L)
Tax Court Judge:  Honorable Courtney D. Jones
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2025

Before: HARDIMAN, FREEMAN, and ROTH, Circuit Judges

(Opinion filed:  February 20, 2026)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In March 2023, the IRS Independent Office of Appeals ("Appeals Office") sustained collection actions against Harold Kupersmit under the Internal Revenue Code ("IRC"). The actions, a levy and a federal tax lien, had been proposed to collect Kupersmit's unpaid income tax and penalties for tax years 2009 and 2012 plus a civil penalty (imposed under 26 U.S.C. § 6702(a)) for a frivolous return he had filed for tax year 2017.[1] Kupersmit challenged the Notice of Determination in the United States Tax Court.[2] After somewhat protracted proceedings, with which the parties are familiar, the Tax Court upheld the Appeals Office's decision, granting summary judgment in favor of the Commissioner regarding the collection actions. The Tax Court dismissed Kupersmit's petition for lack of jurisdiction as to his remaining claims. Kupersmit filed a timely notice of appeal.

The Tax Court had jurisdiction under 26 U.S.C. § 6330(d)(1). We have jurisdiction to review Tax Court orders under 26 U.S.C. § 7482(a)(1). Ordinarily, we

---

[1] Kupersmit did not file an income return for tax years 2009 and 2012, so the Commissioner prepared substitute returns for him and issued a notice of deficiency, assessing tax and penalties, including for money won through gambling. See 26 U.S.C. §§ 6020(b), 6651(a)(1) & (2), & 6654(a). Kupersmit disputed the deficiencies in Tax Court without success. For the ruling relating to the 2009 tax year, he took an appeal to this Court that was dismissed for failure to prosecute. See Kupersmit v. Comm'r, C.A. No. 17-1486, 2017 WL 3973933 (3d Cir. May 24, 2017) (order). The IRS has assessed the deficiencies and penalties.

[2] He also sought review of what he described as "various" other notices. 3d Cir. Doc. No. 17 at 11.

2

exercise plenary review over the Tax Court's legal determinations and its grant of summary judgment. See Duquesne Light Holdings, Inc. & Subsidiaries v. Comm'r, 861 F.3d 396, 403 (3d Cir. 2017); see also PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). Where the underlying tax liability is not at issue, we, like the Tax Court, review the decision of the Appeals Office for abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006), as amended (Aug. 15, 2006).

However, as the Commissioner argues, Kupersmit does not challenge the bases on which the Tax Court upheld the Notice of Determination or explain how the Appeals Office abused its discretion in reaching the underlying decision to sustain the collection actions. Instead, in his brief, he discusses different aspects of his interactions with the IRS over the last several decades.

More specifically, Kupersmit highlights his problem filing a tax return for tax year 2007; an issue with inaccurate 1099 forms for income from a brokerage account in 2007 and 2008; and a problem reporting gambling income. Regarding his gambling income, he contends that the Commissioner filed a substitute return for him for tax year 2008 and taxed him for horse-race winnings without subtracting his gambling losses.

Although Kupersmit also asserts that the IRS's lien is illegal, he does not explain how it is so. And, to the extent that he claims an abuse of discretion, he only generally objects to the "Commi[ssion] of heinous acts" and "Fraud on the Court" and questions the "Genuineness of the administrative record." 3d Cir. Doc. No. 11 at 5.

3

In short, Kupersmit fails to present relevant arguments for our consideration. Accordingly, he has forfeited review of the Tax Court's decision. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief). We will affirm the Tax Court's judgment.

In addition to discussing arguments unrelated to the proceedings in the Tax Court, Kupersmit presents several claims in his brief for our consideration and requests $900 million in damages. However, we are "a court of review, not of first view," so we will not rule on these claims. See O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 762 n.3 (3d Cir. 2021) (reaffirming the established principle) (citation and quotation marks omitted). To the extent that Kupersmit asks us to exercise our mandamus authority to provide him damages or other relief, his request is denied. Kupersmit's "motion to strike improper content" also is denied.[3]

---

[3] In that filing, he contends that the Commissioner has claimed without support that there was no abuse of discretion and that he "was 'frivolous.'" 3d Cir. Doc. No. 23 at 3. He argues that his motion should be granted because of grave problems he perceives in, inter alia, the three branches of the federal government, the Pennsylvania court system, and the IRC. Id. at 1-2. In addition to asking us to strike what he describes as "improper content" in the Commissioner's brief, he requests $900 million dollars in damages and a release of all liens against him and his wife.

4